Under Sections 2667, 2669, 2670 and 2671 of the General Code relating to actions by treasurers of counties for recovery of unpaid taxes or assessments, the court is of the opinion that the owner or owners of the real estate ordered sold to enforce the lien of such taxes or assessments may redeem the same at any time before the confirmation of the sale thereof.

The record in the above case discloses that before confirmation of the sale to plaintiffs in error of the real estate described in the petition, the court allowed the owners to redeem the same upon the payment of all liens for taxes, assessments, penalties, etc., due.

We find no error in the court overruling the motion of the purchasers to confirm the sale to them, and the judgment therefore will be affirmed.

---

### PROSECUTION FOR SALE OF LIQUOR IN "DRY" TERRITORY.

Circuit Court of Tuscarawas County.

GERSHOM K. WHEELAND v. STATE OF OHIO.

Decided, December 9, 1910.

*Intoxicating Liquors—Sale of, to Detectives in Dry Territory—Serving Liquor to Two Persons at the Same Time Not a Single Offense.*

Where two persons enter a place within the limits of "dry" territory, and one of them calls for the drinks, and intoxicating liquor is served to both and is paid for, the offense is complete and prosecution will lie therefor.

BY THE COURT.

In these cases motions are filed by leave to file petitions in error.

The charge was made in the court below that at the times mentioned in the affidavit one Gershom K. Wheeland did unlawfully sell intoxicating liquors contrary to the statute in such case made and provided. The affidavits were filed before the judge of the

court of common pleas and by him heard, and upon the hearing a judgment of conviction and sentence was entered. Exceptions were taken to the action of the court and now leave is asked to file petitions in error in this court. We are of the opinion that there is good cause shown and leave is hereby given in each case to file a petition in error.

The cases were submitted then upon the record, the arguments of counsel and briefs filed in the case. The only error alleged is, that the records show that the alleged sales were made to two persons who were seeking evidence of violations of the law for the purpose of having the alleged violators of the law placed upon the tax duplicate by the dairy and food commissioner of the state of Ohio. Each of the records discloses that these two so-called detectives entered the place kept by the plaintiff in error, whereupon one asked for the drinks for the two, which was supplied and paid for by the one. That after an intermission of some ten or fifteen minutes the other detective asked for the drinks for the two, which was supplied and paid for by the second person. Each of these transactions are now made the basis and foundation of a charge for violation of the law.

It is the contention of the counsel for plaintiff in error that as these detectives were engaged in securing evidence for the purposes of a conviction of the plaintiff in error and charging him with the tax incident to a dealer in intoxicating liquors, these two sales, if we may so term them, constituted but one single transaction and but a single violation of the law. And in support of this contention the counsel called to our attention an opinion delivered by one of the judges of the third circuit of the state and concurred in by one of his associates. It is also claimed that this holding and judgment was subsequently affirmed by the Supreme Court. But an examination of that case will show that the question now sought to be made was not involved in the case that went to the Supreme Court, nor was the same necessarily involved therein; that this question was only involved in certain of the cases that were decided at the same time that the case of *State* v. *Hinkleman,* 13 C.C.(N.S.), 321, was decided, and therefore we do not think that this case has the support or approval of the Supreme Court of the state.

We are of the opinion that when these two men entered the place of the plaintiff in error and one called for the drinks of liquor and it was supplied to the two and the price thereof was paid, that if the sale so made was a sale of intoxicating liquors and the place was within the limits or territory wherein the sale of intoxicating liquors was prohibited, it constituted an offense against the laws of the state and the offense was complete; that being simultaneous in time would not unite the transaction so as to make it but a single offense. To illustrate, suppose each of these detectives had entered the place and each had simultaneously proposed to buy intoxicating liquors and each was simultaneously supplied and each simultaneously paid, we do not think it can reasonably be contended that this constituted but one transaction, but that it would be two distinct sales, furnishing or giving away under the statute.

That there may be an adjudication of these causes is an additional reason why we think we are right in allowing these petitions in error to be filed. If the holding of the third circuit is correct and our holding is contrary, this question ought to be determined by the Supreme Court of the state. But as we view these records we find no error in the records to the prejudice of the plaintiff in error, and the judgments of the court of common pleas are affirmed with costs and remanded for execution, with exceptions.